Aron M. OLINER; Lehman Brothers
Holdings, Inc., Plaintiffs–
Appellees,

v.

John KONTRABECKI, Defendant–
Appellant.

No. 04–15253.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 15, 2005.

Aron M. Oliner, Esq., Buchalter Nemer
Fields & Younger, Peter J. Benvenutti,
Esq., Heller Ehrman, LLP, San Francisco,
CA, Mark S. Kaufman, Esq., McKenna
Long & Aldridge LLP, Atlanta, GA, for
Plaintiffs–Appellees.

Kelly A. Woodruff, Esq., Robert H.
Sloss, Esq., Farella Braun & Martel, LLP,
San Francisco, CA, for Defendant–Appel-
lant.

Before: KOZINSKI and FERNANDEZ,
Circuit Judges, and HATTER,* District
Judge.

MEMORANDUM **

John Kontrabecki appeals the district
court's order, which declared that the
bankruptcy court's imposition of coercive
contempt sanctions upon him for violation
of its temporary restraining order and pre-

---

* The Honorable Terry Hatter, Senior United
States District Judge for the Central District
of California, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

**2**

liminary injunction was not a final order and denied him leave to appeal. We dismiss this appeal for lack of jurisdiction.

■ (1) To the extent that Kontrabecki has attempted to appeal the district court's denial of his motion that he be permitted to appeal from an interlocutory order of the bankruptcy court, we lack jurisdiction to consider that denial.

The district court does have the discretion to grant leave to appeal interlocutory bankruptcy court orders. *See* 28 U.S.C. § 158(a)(3); Fed. R. Bankr.P. 8001(b). However, when the district court declines to hear an appeal from an interlocutory bankruptcy court order, we have no jurisdiction to review that exercise of its discretion. *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787–88 (9th Cir.2003); *see also* 28 U.S.C. § 158(d); *Lievsay v. W. Fin. Sav. Bank (In re Lievsay)*, 118 F.3d 661, 662–63 (9th Cir.1997) (per curiam); *Briney v. Burley (In re Burley)*, 738 F.2d 981, 986 (9th Cir.1984).

■ (2) To the extent that Kontrabecki appeals the district court determination that the bankruptcy court order was interlocutory rather than final, we agree with the district court. Neither it, nor we, could take jurisdiction over the order on the basis that it was final. *See* 28 U.S.C. §§ 158(a)(1), (d); *Silver Sage*, 339 F.3d at 788; *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1038 (9th Cir.

2000); *Sec. Pac. Bank Wash. v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387, 389 (9th Cir.1992).

Although a criminal contempt sanction order may be appealable when entered,[1] a civil contempt sanction order generally is not.[2] "If its purpose is to punish a past violation of a court order the contempt is criminal. If its purpose is remedial, i.e. to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order, the contempt order is civil." *Kirkland*, 343 F.3d at 1140 (internal quotation marks omitted.); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). In the case at hand, there can be little doubt that the sanction was civil in nature. The bankruptcy court sought to have Kontrabecki obey its direction that he tear down the wall he had erected between the bankruptcy estate and the Polish companies; he could avoid the sanctions or stop them from mounting by doing just that. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir.1999). Thus, the order was interlocutory and not appealable. Moreover, no exception to the general rule obtains.

■ This case concerns the bankruptcy court's continuing attempts to gain control of estate assets, and Kontrabecki does not meet the elements of the flexible finality doctrine [3] or those of the collateral order doctrine [4] as he continues to interfere with those attempts.

---

**1.** *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir.2003).

**2.** *See SEC v. Elmas Trading Corp.*, 824 F.2d 732, 732 (9th Cir.1987) (order).

**3.** *See Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1043 (9th Cir.1997); *Elliott v. Four Seasons Props. (In re Frontier Props., Inc.)*, 979 F.2d 1358, 1363 (9th Cir.1992); *Allen v. Old Nat'l Bank of*

*Wash. (In re Allen)*, 896 F.2d 416, 418–19 (9th Cir.1990); *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1317 (9th Cir.1983); *see also Silver Sage*, 339 F.3d at 788; *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir.2000).

**4.** *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68, 114 S.Ct. 1992, 1995–96, 128 L.Ed.2d 842 (1994); *United States v. Lewis*, 368 F.3d 1102, 1104 (9th

In short, we lack jurisdiction.[5]

DISMISSED for lack of jurisdiction.

Cir.2004); *see also Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798–99, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989).     .

5. Kontrabecki also asserts that we should issue a writ of mandamus and, thus, extricate him from the obligation to make the court's control over the Polish companies renascent. Suffice it to say that he has not shown that we should employ that extraordinary remedy on his behalf. *See Bauman v. U.S. Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977); *see also Cole v. U.S. Dist. Court,* 366 F.3d 813, 816–17 (9th Cir.2004); *SG Cowen Sec. Corp. v. U.S. Dist. Court,* 189 F.3d 909, 913 (9th Cir.1999). If he feels wounded by the sanction order, he holds the anodyne; we need not and will not interfere.

