Dissent to Order by
Chief Judge KOZINSKI;
Dissent to Order by Judge GOULD; Opinion by Judge CLIFTON; Dissent by Judge BEA.
ORDER
This court’s opinion, filed April 30, 2009, is amended by adding additional language to footnote 2 (565 F.3d at 1114). The existing text in footnote 2 will become the first paragraph of the footnote and the new language follows, such that the entire footnote reads:
In this appeal of a summary judgment, PCA and Experian argued only that § 1681b(a)(3)(A) authorized PCA to obtain Pintos’s credit report. Thus, we need not determine whether PCA had a permissible purpose under any other § 1681b subsection. On remand, Defendants may argue that PCA was authorized to obtain Pintos’s report under a different subsection.
In the briefs on the merits, oral argument, petitions for rehearing, and response to petitions for rehearing, there was no argument based on 15 U.S.C. §§ 1681a(m) and 1681b(c). The parties did not appear to view those provisions to be relevant to this case. During our court’s consideration of the petitions for rehearing en banc, it was suggested that these provisions, though drafted at a different time and aimed at a different situation, might shed light on the meaning of the relevant statute, § 1681b(a)(3)(A), so we requested supplemental briefs on that subject. The supplemental briefs have not persuaded us to change our opinion.
Those other provisions, §§ 1681a(m) and 1681b(c), were added in 1996 to permit lenders and insurance companies to solicit for business by purchasing lists and limited information about customers who match certain criteria (such as zip code and credit score) from credit reporting agencies. The “prescreened” customers could then be sent, for example, a “preapproved” credit card solicitation. Pintos did not authorize the reporting agency to supply her report and the transaction did not consist of “a firm offer of credit or insurance,” under § 1681b(c). Nobody contends otherwise.
At the same time, it should be clear that we do not opine on the meaning or scope of 15 U.S.C. §§ 1681a(m) and 1681b(c) or on the practice of obtaining information from credit reporting agencies to permit the extension of offers to prescreened customers, which the parties to our case agree is authorized by those statutes. A case presenting those questions is not before us.
A judge of the court called for a vote on the petitions for rehearing en banc. A vote was taken, and a majority of the active judges of the court failed to vote for en banc rehearing. Fed. R.App. P. 35.
The petitions for rehearing en banc are DENIED. No further petitions for rehearing may be filed.