# FILED

NOT FOR PUBLICATION

APR 15 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ROCKY MOUNTAIN BANK, a Wyoming corporation, | ) ) ) | No. 10-15522 |
| Plaintiff – Appellee, | ) ) | D.C. No. 5:09-cv-04385-JW |
| v. | ) ) | **MEMORANDUM**[*] |
| GOOGLE, INC., a Delaware corporation, | ) ) ) | |
| Defendant – Appellee. | ) ) | |
| and | ) ) | |
| MEDIAPOST COMMUNICATIONS, | ) ) ) | |
| Intervenor-Appellant. | ) ) | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Submitted April 12, 2011[**]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral

(continued...)

San Francisco, California

Before: FERNANDEZ, RAWLINSON, Circuit Judges, and WELLS,[***] District Judge.

MediaPost Communications, the business name of Fadner Enterprises, LLC (MediaPost), which intervened in an action by Rocky Mountain National Bank against Google, Inc., appeals the district court's denial of its motion to access a compliance report submitted to the district court by Google. We reverse and remand.

The usual rule regarding judicial records and documents is that there is a strong presumption that the public is entitled to access. See, e.g., Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). Like most presumptions, this one does not delineate an absolute right, but to overcome it a compelling reason to deny access must be shown. See Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678–79 (9th Cir. 2010);

---

[**](...continued)
argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Lesley Wells, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

2

Kamakana, 447 F.3d at 1178–79.  Some exceptions to that general rule are instances where access is sought to grand jury transcripts,[1] or to warrant materials while a pre-indictment investigation is in progress,[2] or to materials which were filed or produced pursuant to a protective order.[3]

Here, the district court carved out another exception by determining that if a document is lodged, rather than filed, with the court, it is not a judicial record or document at all and, therefore, the public is generally not entitled to access.  Of course, there are some distinctions between filed and lodged documents.  See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc., 289 F.3d 589, 595 & n.6 (9th Cir. 2002); N.D. Cal. Civ. R. 1-5(m).  However, the district court did not point to any authority for the proposition that lodging alone is sufficient to overcome the public's right to access.  As we see it, the public's long-standing right cannot be absterged by the simple expedient of having documents lodged.  Here, for example, the report in question is a quintessential judicial document.  The district

---

[1]See Kamakana, 447 F.3d at 1178.

[2]See id.

[3]See Pintos, 605 F.3d at 678; Kamakana, 447 F.3d at 1179; Phillips, 307 F.3d at 1213; cf. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (where blanket protective order issued, an actual showing of good cause must be made if another seeks access to the document).

court issued an ex parte temporary restraining order against Google and its customer, and ordered Google to lodge a report with the court so that it could assess whether Google had complied with the temporary restraining order. Rocky Mountain and the court were satisfied with the response, and the action was then dismissed. Absent some further determination,[4] the public would be entitled to access to the report. Thus, the district court erred.

REVERSED and REMANDED for further proceedings.

---

[4]We express no opinion about whether some or all of the information in the report should be redacted or sealed. The district court did not decide that issue. Nor will we. We leave the application of the usual standards for deciding redaction and sealing issues to the district court in the first instance. See Hagestad v. Tragesser, 49 F.3d 1430, 1434–35 (9th Cir. 1995).