**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARON M. OLINER, as Chapter 11 Trustee of the Kontrabecki Group LP; LEHMAN BROTHERS HOLDINGS, INC., *Plaintiffs-Appellees*, v. JOHN KONTRABECKI, *Defendant-Appellant*. | No. 12-15107 D.C. No. 3:04-mc-00010-CRB OPINION |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted March 13, 2014[*]
San Francisco, California

Filed March 20, 2014

Before: J. Clifford Wallace, M. Margaret McKeown,
and Ronald M. Gould, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY**

### Bankruptcy

The panel affirmed the district court's order denying the parties' joint request to seal the record of proceedings on an interlocutory appeal taken from the bankruptcy court.

The panel held that the district court did not abuse its discretion in deciding not to seal the judicial record. The district court properly invoked the "compelling reasons" standard, rather than the "good cause" standard, in considering the sealing request because the parties sought to seal the entire record of the proceedings in the district court, including the court's opinion. The panel affirmed the district court's conclusion that no compelling reasons overcame the strong presumption in favor of maintaining public access to court records.

### COUNSEL

Robert R. Moore and Michael J. Betz, Allen Matkins Leck Gamble & Mallory LLP, San Francisco, California, for Defendant-Appellant.

Peter J. Benvenutti, Jones Day, San Francisco, California, for Plaintiff-Appellee.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

McKEOWN, Circuit Judge:

This case relates to a sealed record request arising from a bankruptcy proceeding that ultimately settled. Pursuant to the settlement agreement, the parties agreed to seek permission to file under seal all documents relating to the bankruptcy proceedings and all related district court and court of appeals proceedings. The parties represent that the bankruptcy proceedings have been sealed.

John Kontrabecki brings this unopposed appeal from the district court's order denying the parties' joint request to seal the entire record of proceedings before the district court. Specifically, the parties seek to seal the record of proceedings on an interlocutory appeal taken from the bankruptcy court, which the district court dismissed for lack of jurisdiction. *Oliner v. Kontrabecki*, 305 B.R. 510, 523, 529 (N.D. Cal. 2004), *aff'd*, 158 F. App'x 1, 2–3 (9th Cir. 2005). We have jurisdiction because an order denying a motion to unseal or seal documents "is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003). We review for abuse of discretion the district court's decision not to seal the judicial record and affirm. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 n.3 (9th Cir. 2006).

Historically, courts have "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). "The English common law, the American constitutional

system, and the concept of the consent of the governed stress the public nature of legal principles and decisions. Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (internal quotation marks and footnote omitted). Accordingly, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted). In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds "compelling reasons." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (amended opinion) (internal quotation marks omitted); *see also Perez-Guerrero v. U.S. Att'y. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case . . . must be necessitated by a compelling governmental interest and [be] narrowly tailored to that interest." (internal quotations and alteration omitted)), *cert. denied*, 134 S. Ct. 1000 (2014). However, a less exacting "good cause" standard "applies to private materials unearthed during discovery," and to "previously sealed discovery attached to a nondispositive motion." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

The district court rejected the parties' argument that the "good cause" standard applied. It held that the "compelling reasons" standard governed the decision whether to seal the record of the proceedings because "the parties wish[ed] to seal the entire record of the appeal . . . [, which is] in fact, the entire judicial record."

On appeal, Kontrabecki argues that the interlocutory appeal should be analyzed as a nondispositive motion subject to the "good cause" standard because in deciding the appeal, the district court "made no determination of a particular claim on the merits, nor did it eliminate such a claim from the case." As the district court rightly pointed out, "it is rather disingenuous to characterize it as a 'non-dispositive order'" because "[t]he parties are requesting the sealing of the court record itself, including motions and the [district court's] opinion." *See Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) ("This Court has made it clear that our strong presumption of openness does not permit the routine closing of judicial records to the public. The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. A party who seeks to seal an *entire* record faces an even heavier burden." (internal quotation marks and citation omitted)).

The rationale underlying the "good cause" standard for nondispositive orders, namely that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action," does not apply to this case. *See Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). Here,

the parties seek to seal the entire record of the proceedings in the district court, including the court's opinion. The district court properly invoked the "compelling reasons" standard in considering the sealing request. *See Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (holding that "only the most compelling reasons can justify the total foreclosure of public and professional scrutiny" to a court's "basis for the adjudication"). The only reasons provided for sealing the records—to avoid embarrassment or annoyance to Kontrabecki and to prevent an undue burden on his professional endeavors—are not "compelling," particularly because the proceedings had been a matter of public record since at least 2004. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *see also Joy*, 692 F.2d at 894 ("[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.").

Kontrabecki argues for the first time on appeal that the integrity of judicial proceedings is a compelling reason to seal the record because the parties would not have entered into the settlement agreement had they known that the record of the district court proceedings would not be sealed. However, the express terms of the settlement agreement, which are well known to the parties, belie this assertion.

Kontrabecki has not pointed to any compelling reasons that overcome the strong presumption in favor of maintaining

public access to court records.  The district court did not abuse its discretion in denying the request to seal.

**AFFIRMED.**