**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENNIE TRULY COWAN, an individual, | No. 12-55149 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00917-VAP-RNB |
| v. | |
| WILLIAM MORRIS AGENCY, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Rennie Truly Cowan appeals pro se from the district court's order denying her motion to seal the entire record in her employment discrimination and retaliation action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

The district court did not abuse its discretion by denying Cowan's motion to seal the entire record in her case because Cowan failed to establish compelling reasons to do so. *See id.* at 1026 (applying the "compelling reasons" standard to request to seal the entire record of the district court proceedings, including the court's opinion); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010) (discussing the "compelling reasons" standard and explaining that a court may not rely on hypothesis or conjecture in ruling on a motion to seal); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

We do not consider Cowan's challenge to the district court's entry of a vexatious litigant order against her because Cowan failed to file a timely notice of appeal from the entry of judgment and the vexatious litigant order. *See* Fed. R. App. P. 4(a)(1)(A) (establishing the time for filing a notice of appeal).

**AFFIRMED.**