
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NICK MAKREAS,

          Plaintiff - Appellant,

  v.

THE MOORE LAW GROUP, A.P.C., a California corporation; CITIBANK (SOUTH DATOKA), N.A., a business entity, form unknown,

          Defendants - Appellees.

No. 12-16233

D.C. No. 3:11-cv-02406-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Nick Makreas appeals pro se from the district court's judgment dismissing

his action alleging, among other things, violations of the Fair Credit Reporting Act

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("FCRA") and California state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). We may affirm on any basis supported by the record, *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007), and we affirm.

The district court properly dismissed Makreas's FCRA claim because Makreas failed to allege facts sufficient to show that defendants accessed his credit report without a permissible purpose, or that there was a bona fide dispute regarding the debt. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674-76 (9th Cir. 2010) (discussing the two requirements for establishing permissible purpose under 15 U.S.C. § 1681b(a)(3)(A)); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (under 15 U.S.C. § 1681s-2(b), a furnisher can only be liable by failing to report a bona fide dispute – that is, "a dispute that could materially alter how the reported debt is understood"). Moreover, to the extent that the claim is based on violation of 15 U.S.C. § 1681s-2(a), there is no private right of action. *See Gorman*, 584 F.3d at 1154, 1162.

The district court properly dismissed Makreas's claim under California's Rosenthal Fair Debt Collection Practices Act against defendant Citibank because Makreas failed to alleged facts sufficient to show that Citibank itself engaged in debt collection activities, or that the Moore Law Group acted as Citibank's agent

when it engaged in debt collection activities, thereby making Citibank vicariously liable for its acts. *See* Cal. Civ. Code §§ 1788.1(b), 1788.2(c) (explaining that purpose of Act is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts" and defining "debt collector"); *Fenton v. Freedman*, 748 F.2d 1358, 1361-62 (9th Cir. 1984) (listing requirements for establishing agency under California law); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) (addressing vicarious liability under federal Fair Debt Collection Practices Act).

The district court properly dismissed Makreas's unfair competition claim because Makreas failed to allege facts sufficient to show that he sought injunctive relief, or that defendants obtained money or property from him as a result of their alleged misconduct, warranting restitution. *See Korea Supply Co. v. Lockhead Martin Corp.*, 63 P.3d 937, 943-45 (Cal. 2003) (explaining that under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, relief is generally limited to injunctive relief and restitution, and defining restitution); *see also Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (injunctive relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again").

The district court did not abuse its discretion by denying leave to amend.

12-16233

*See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth the standard of review and requirements for leave to amend, and noting that a district court's discretion is particularly broad where it has already granted leave to amend).

The district court did not abuse its discretion by declining to enter default judgment against the Moore Law Group. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (Fed. R. Civ. P. 55(b)(1) applies only to parties who have never appeared in the action); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth the standard of review and discussing the process for obtaining default judgment).

We reject Makreas's contentions that the district court erred by allegedly disregarding defendants' "continued willful and negligent violations of the FCRA," and that the district court should have permitted discovery.

We do not consider issues not specifically and distinctly raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

12-16233