FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMELA CHYBA,

            Plaintiff - Appellant,

   v.

GREEN TREE SERVICING, LLC, AKA
Green Tree, AKA Green Tree, LLC,

            Defendant - Appellee.

No. 13-55406

D.C. No. 3:12-cv-02530-H-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Pamela Chyba appeals pro se from the district court's order dismissing her

action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the

Fair Credit Reporting Act ("FCRA"), and the Rosenthal Fair Debt Collection

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Practices Act ("RFDCPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We may affirm on any ground supported by the record. *Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011). We affirm.

Dismissal of Chyba's first and second causes of action under the FDCPA, 15 U.S.C. §§ 1692e(10), 1692g, and fourth cause of action under the RFDCPA, California Civil Code section 1788.11, was proper because Chyba failed to allege facts sufficient to show that Green Tree contacted Chyba, which would require statutory notice, or that Green Tree used any false representation in connection with the collection of a debt. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations.").

Dismissal of Chyba's third cause of action under the FCRA was proper because, in Chyba's December 29, 2011 letter, which Chyba referenced in her complaint, Chyba admitted that Green Tree was attempting to collect a debt, a permissible purpose for accessing a consumer's credit report. *See* 15 U.S.C.

13-55406

§ 1681b(a)(3)(A); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674-76 (9th Cir. 2010) (discussing the two requirements for establishing permissible purpose under § 1681b(a)(3)(A)); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

**AFFIRMED.**

13-55406