**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN LEE BRINKER, | No. 12-17565 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-03091-SBA |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] and ORDER |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted January 13, 2015[**]

Before:     LEAVY, GRABER, and OWENS, Circuit Judges.

In 1993, Alan Brinker was awarded disability benefits under Title II of the

Social Security Act.  He appeals pro se from the district court's judgment affirming

the Commissioner of Social Security's decision that Brinker's disability ended in

January 2001.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2012), and affirm.

The administrative law judge ("ALJ") did not err in finding that Brinker completed a "trial work period" when he performed services for a total of nine non-consecutive months in a sixty-month period between 1996 and December 2000. *See* 20 C.F.R. §§ 404.1592(e)(2) (defining the beginning and end of a "trial work period"), 404.1594(d)(5) & (f)(1) (performance of substantial gainful activity following the completion of a trial work period establishes that the individual is no longer disabled); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007) (discussing regulations that provide for a trial work period in which a claimant may work and still be considered disabled). Brinker's contention that he did not work in March 1996 is unpersuasive because the regulations define "services" by reference to the timing of earnings, rather than the timing of work performance. *See* 20 C.F.R. § 404.1592(b)(1)(i) & Table 1. Additionally, the ALJ reasonably concluded that Brinker worked in November and December 2000, and thereafter performed substantial gainful activity following the completion of the trial work period. *See Molina*, 674 F.3d at 1110 (describing the first step of the sequential evaluation for disability as whether the claimant is "doing substantial gainful activity").

The ALJ did not err in failing to continue Brinker's hearing because, despite

the ALJ's repeated offers, Brinker did not request a postponement to obtain counsel. Additionally, Brinker has not shown that the ALJ failed to fully and fairly develop the record when the ALJ questioned Brinker about his employment and diligently explored the evidence regarding the trial work period. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

The district court did not abuse its discretion in denying Brinker's motion for appointment of counsel because there are no provisions for supplying counsel at government expense in social security cases. The district court also did not err in declining to remove certain information from its summary judgment order because the order accurately described the administrative record, and Brinker has not shown compelling reasons why the information should be sealed. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) ("In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons.'"). Finally, a subsequent award in 2012 of disability insurance benefits is not probative as to whether Brinker's earlier disability ended in 2001.

**AFFIRMED.**[1]

---

[1] The Commissioner's motion for judicial notice of the record of proceedings on Brinker's December 2012 application for benefits is GRANTED. All other pending motions are DENIED.