**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 10 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NESTOR C. DOMINGO, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MEGAN J. BRENNAN, Postmaster General Pacific Area United States Postal Service, Agency, <br><br> Defendant-Appellee. | Nos.  15-15907 <br>        17-15887 <br><br> D.C. Nos.  3:13-cv-04150-CRB <br>                3:13-cv-04151-CRB <br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 8, 2017[**]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Nestor C. Domingo appeals pro se from the district court's judgments in his

federal employment actions.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009) (dismissal

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under summary judgment and Fed. R. Civ. P. 12(b)(6)); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (res judicata).  We may affirm on any basis supported by the record.  *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Domingo's Rehabilitation Act claim relating to a third fitness for duty exam because Domingo failed to raise a genuine dispute of material fact as to whether the examination was not job-related and inconsistent with business necessity.  *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1145 (9th Cir. 2010) (explaining business necessity standard).

The district court properly dismissed Domingo's discrimination, retaliation, harassment, and hostile work environment claims on the basis of res judicata because the claims were raised, or could have been raised, in a prior action between the parties that resulted in a final judgment on the merits.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (stating elements of the doctrine of res judicata and noting that it bars subsequent litigation of both claims that were raised and claims that could have been raised in the prior action).

15-15907; 17-15887

The district court properly dismissed Domingo's tort claims because, even if Domingo raised his tort claims in his EEO complaints, those complaints did not state a "sum certain," as required by the Federal Tort Claims Act ("FTCA"). *See Blair v. IRS*, 304 F.3d 861, 865, 868-69 (9th Cir. 2002) (setting forth the FTCA's "sum certain" requirement).

The district court properly dismissed Domingo's contract claim because Domingo failed to seek redress for the alleged breach through his union. *See Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1082 (9th Cir. 1991) (use of union grievance procedure required before Postal Service employee may bring breach of contract action against employer).

Dismissal of Domingo's due process claim was proper because Domingo may not bring such a claim against the Postmaster in her official capacity. *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("[A] Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in granting defendant's motion to file documents under seal because the documents contained sensitive medical

15-15907; 17-15887

information.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (standard of review).

We lack jurisdiction to consider the district court's bill of costs because Domingo failed to file a separate or amended notice of appeal.  *See Stone v. INS*, 514 U.S. 386, 403 (1995) (order deciding post-judgment non-tolling motion must be separately appealed).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**