NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY RICHARDS, | No. 22-16033 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-03048-WHA |
| v. | |
| STATE OF CALIFORNIA CHILD PROTECTIVE SERVICES; CLAUDIA; DENITA CARTER; CITY OF SAN FRANCISCO CHILD PROTECTIVE SERVICES; CITY OF SONOMA CHILD PROTECTIVE SERVICES; NICK HONEY, Director Sonoma CPS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Larry Richards appeals pro se from the district court's judgment dismissing

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Richards's requests for oral argument, set forth in his filings, are denied.

his 42 U.S.C. § 1983 action challenging a state court custody proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Richards's action because Richards failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Richards's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard for review and explaining that leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion in unsealing the docket and dismissal order because Richards failed to establish compelling reasons to keep the entire docket and dismissal order under seal. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1025-26 (9th Cir. 2014) (setting forth standard of review and applying the "compelling reasons" standard to request to seal the entire record of the district court proceedings); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010) (holding that district court did not abuse its

22-16033

discretion in requiring plaintiffs to disclose their identities where plaintiffs failed to demonstrate they "reasonably fear[ed] severe harm").

We reject as meritless Richards's contentions about the district court judge's abilities and impartiality.

All pending motions and requests are denied. The Clerk will maintain Docket Entry No. 9 under seal.

**AFFIRMED.**