**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DORA LARSEN,

      Plaintiff-Appellant,

v.

OFFICE OF THE SOLICITOR GENERAL,
Washington D.C., United States; et al.,

      Defendants-Appellees.

No. 22-35080

D.C. No. 6:21-cv-01718-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted October 10, 2023[**]

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Dora Larsen appeals pro se from the district court's orders unsealing the

underlying action and denying her requests to proceed under a pseudonym. We

have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Cohen*

*v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949). We review for an

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (district court's denial of a request to seal the judicial record); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (district court's denial of leave to proceed using a pseudonym). We affirm.

The district court did not abuse its discretion in unsealing the underlying action because Larsen failed to establish compelling reasons to maintain the entire action under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) (explaining that a judge "need not document compelling reasons to unseal;" rather, where the proponent of sealing fails to demonstrate a basis for sealing, "the default posture of public access prevails").

The district court did not abuse its discretion in denying Larsen's request to proceed under a pseudonym because Larsen failed to establish a sufficient need for anonymity. *See Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010) (holding that the district court did not abuse its discretion in requiring plaintiffs to disclose their identities where plaintiffs failed to demonstrate they "reasonably fear[ed] severe harm"); *Advanced Textile*, 214 F.3d at 1068 (explaining that a party may proceed anonymously only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity" and setting forth factors to determine a party's need for anonymity).

22-35080

To the extent that Larsen appeals from the district court's December 6, 2021, order dismissing her initial complaint and denying appointment of counsel, we lack jurisdiction because that order is not appealable either as a final judgment or as an order under the collateral order doctrine. *See* 28 U.S.C. § 1291; *see also Childs v. San Diego Fam. Hous., LLC*, 22 F.4th 1092, 1095-96 (9th Cir. 2022) (discussing "final decisions" under § 1291 and the requirements for an order to satisfy the collateral order doctrine).

To the extent that Larsen appeals from the district court's orders denying her various requests for injunctive relief, we lack jurisdiction because the district court's orders did not amount to the denial of preliminary injunctions. *See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989) (explaining that an appeal ordinarily "does not lie from the denial of an application for a temporary restraining order" unless circumstances render the denial tantamount to the denial of a preliminary injunction).

We do not consider claims not specifically and distinctly argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) (declining to address contentions not "accompanied by reasons").

We construe Larsen's motion to maintain the case under seal (Docket Entry

No. 36) as a motion to seal the disposition and deny the motion. To the extent that Larsen seeks to seal filings other than this disposition, we deny her requests as unnecessary because a prior order of this court placed the appellate docket under seal. *See* Docket Entry No. 19.

**AFFIRMED.**