**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD ROE,

      Plaintiff - Appellant,

v.

CAROLYNN BRIGHT; DOES, 1-9,

      Defendants - Appellees.

No. 24-1316

D.C. No. 6:24-cv-00012-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    TASHIMA, GRABER, and H.A. THOMAS, Circuit Judges.

Richard Roe appeals pro se from the district court's order denying Roe's

motion for a protective order seeking leave to proceed under a pseudonym and seal

all records revealing his identity or information about his juvenile record. We have

jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Oliner v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (district court's denial of a request to seal the judicial record); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (district court's denial of leave to proceed using a pseudonym). We review for an abuse of discretion. *Oliner*, 745 F.3d at 1025; *Advanced Textile*, 214 F.3d at 1069. We affirm.

The district court did not abuse its discretion in denying Roe's motion for a protective order because Roe failed to establish a sufficient need for anonymity in his action and because the district court explained that Roe could move for specific documents in the record to remain sealed. *See Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010) (setting forth factors to determine a party's need for anonymity and concluding that district court did not abuse its discretion in requiring plaintiffs to disclose their identities where plaintiffs failed to demonstrate they "reasonably fear[ed] severe harm" if their identities were revealed in connection with the litigation); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (discussing standards applicable to requests to seal judicial records).

We do not consider the district court's order denying leave to file a motion for reconsideration because Roe did not address the district court's order in his opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e cannot manufacture arguments for an appellant and therefore we

will not consider any claims that were not actually argued in appellant's opening brief." (citation and internal quotation marks omitted)).

Roe's request, set forth in the opening brief, to seal, expunge, or change his name in prior proceedings in this court or the district court is denied.

**AFFIRMED.**