NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EARL WASHINGTON, Attorney; LOLA MITSUK,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>ZACKERY WILLIAM WECHSLER; RONALD PETER JACOBUS III; ALFREDO GARCIA; JOHNNY ALEJANDRO RIOS; KIRK STUWART ANDERSON; MARCUS ANDREW EGGLESTON; ALLYA CZARINA KAHN; JEFFRI KENT NORAT; RICHARD ANGEL ACOSTA; CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity,<br><br>        Defendants - Appellees,<br><br>and<br><br>DOES, 1 through 20,<br><br>        Defendant. | No. 24-6748<br><br>D.C. No.<br>2:22-cv-06256-FLA-E<br><br>MEMORANDUM[*] |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted June 13, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

Plaintiffs Earl Washington and Lola Mitsuk appeal the district court's order denying their motion to file under seal numerous audio and visual exhibits in support of their motion for partial summary judgment. We review the district court's decision not to seal for abuse of discretion, *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014), and we affirm.

When a party seeks to seal court documents, "a strong presumption in favor of [public] access is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Plaintiffs bear the burden of "articulat[ing] compelling reasons supported by specific factual findings" that are sufficient to overcome this presumption. *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Plaintiffs primarily expound various cases—largely in the Fourth and Fourteenth Amendment contexts—discussing the right to privacy. But "[s]imply mentioning a general category of privilege"—including privacy—"without any

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

further elaboration or any specific linkage with the documents, does not satisfy the[ir] burden." *Id.* at 1184. And although Plaintiffs worry that the recordings may be professionally and socially embarrassing, that possibility, "without more," cannot "compel the court to seal its records." *Id.* at 1179.

Plaintiffs observe that at least one snippet of body-camera footage includes Mitsuk's social security number. That information may properly be excluded from the public record. But the proper solution is for Plaintiffs to propose targeted redactions rather than the complete sealing of 40 exhibits. *See Foltz*, 331 F.3d at 1137 (holding that "the presence of a small number" of personal details "that can be redacted with minimal effort" cannot overcome the presumption of public access). It does not appear that Plaintiffs have requested that relief from the district court, and our decision does not prevent them from doing so on remand.[1]

**AFFIRMED.**[2]

---

[1]We note the potential for a conflict between Mitsuk's and Washington's interests, which brings into question Washington's representation of both plaintiffs. But we otherwise do not comment on this issue because we lack sufficient information to do so.

[2] Plaintiffs' Motions to File Documents Under Seal (Dkts. 8, 13) are DENIED. The clerk shall maintain the documents under seal for 21 days from the filing of this memorandum disposition. Consistent with this disposition, Plaintiffs may move to redact limited portions of the records, including those revealing Mitsuk's social security number, during that time. The clerk shall unseal the records after 21 days have run or the panel resolves any forthcoming motion to redact, whichever is later.