**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GABRIEL FELIX MORAN,
  *Plaintiff-Appellant*,

v.

THE SCREENING PROS, LLC, a
California corporation,
  *Defendant-Appellee.*

No. 20-55908

D.C. No.
2:12-cv-05808-
SVW-AGR

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 10, 2021
Pasadena, California

Filed February 8, 2022

Before: Marsha S. Berzon and Carlos T. Bea, Circuit
Judges, and Richard D. Bennett,* District Judge.

Opinion by Judge Bea

---

*The Honorable Richard D. Bennett, United States District Judge
for the District of Maryland, sitting by designation.

## SUMMARY[**]

---

### Fair Credit Reporting Act

The panel affirmed the district court's grant of summary judgment in favor of The Screening Pros, LLC, in an action brought under the Fair Credit Reporting Act by Gabriel Felix Moran.

In a prior appeal, the court held that The Screening Pros, a credit reporting agency, violated 15 U.S.C. § 1681c(a)(5), which prohibits the disclosure in a credit report of any adverse item of information that antedates the report by more than seven years. In 2010, The Screening Pros issued a tenant screening report that disclosed a criminal charge that was filed against Moran in 2000 (beyond the seven-year window) but dismissed in 2004 (within the seven-year window). On remand, the district court granted summary judgment to The Screening Pros, holding that Moran failed to present evidence that The Screening Pros violated the FCRA willfully or negligently, as required for liability by §§ 1681n(a) and 1681o(a).

The panel held that to prove a negligent violation of the FCRA, a plaintiff must show that the defendant acted pursuant to an objectively unreasonable interpretation of the statute. A plaintiff can prove a willful violation by showing a knowing or a reckless violation of a standard.

The panel held that the court's previous holding, which did not rely on the text of the statute alone, did not show that

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The Screening Pros' interpretation of the FCRA was objectively unreasonable. The panel held that, on the record here, no reasonable fact finder could conclude that The Screening Pros' violation of § 1681c(a)(5) was negligent, much less willful. The panel explained that the issue whether The Screening Pros correctly interpreted § 1681c(a)(5) was a matter of first impression in the previous appeal; The Screening Pros presented evidence that its interpretation was consistent with industry norms; the Federal Trade Commission's only guidance on the question at the time appeared to permit reporting the criminal charge; the district court changed its ruling on reconsideration; and the opinion in the previous appeal was not unanimous.

## COUNSEL

Devin H. Fok (argued), DHF Law PC, San Marino, California, for Plaintiff-Appellant.

Michael J. Saltz (argued) and Elana Levine, Jacobson Russell Saltz Nassim & de la Torre LLP, Los Angeles, California, for Defendant-Appellee.

**OPINION**

BEA, Circuit Judge:

The Fair Credit Reporting Act ("FCRA") prohibits credit reporting agencies from disclosing in a credit report "[a]ny . . . adverse item of information . . . which antedates the report by more than seven years." 15 U.S.C. § 1681c(a)(5).[1] Previously, we held that The Screening Pros, LLC ("Defendant") violated this provision when it issued a tenant screening report for Gabriel Felix Moran ("Plaintiff") in 2010 that disclosed a criminal charge that was filed in 2000 (beyond the seven-year window), but dismissed in 2004 (within the seven-year window). *Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1186 (9th Cir. 2019). On remand, the district court granted summary judgment to Defendant on Plaintiff's claims under the FCRA, holding that Plaintiff failed to present evidence that Defendant violated the FCRA willfully or negligently, as required for liability by §§ 1681n(a) and 1681o(a). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

### A. Relevant Facts and Early Procedural History

In February 2010, Plaintiff submitted a housing application to Maple Square, a low-income housing development in Fremont, California. Maple Square hired Defendant, a now defunct credit reporting agency ("CRA"), to conduct a background check on Plaintiff. The housing application was denied after Maple Square received the

---

[1] Unless otherwise noted, citations to statutes in this opinion refer to Title 15 of the United States Code.

background check ("the Report") prepared by Defendant. The Report, dated February 5, 2010, revealed that Plaintiff had three dismissed criminal charges and a conviction. The conviction and two of the dismissed charges were filed in 2006, well within the seven-year period. But, importantly, the oldest dismissed charge (the "2000 Charge") was filed in 2000 and dismissed in 2004.

Plaintiff claimed, among other things, that the inclusion of the 2000 Charge in the Report was unlawful. Plaintiff filed suit in California state court on February 2, 2012, pleading causes of action under state law. On June 7, 2012, Plaintiff filed a First Amended Complaint ("FAC"), which added additional causes of action under the Fair Credit Reporting Act ("FCRA"). Under the FCRA, a CRA, such as Defendant, is liable to a consumer, like Plaintiff, for either the negligent or willful failure to comply with any requirement under the FCRA with respect to that consumer. §§ 1681n(a), 1681o(a). Plaintiff alleged Defendant committed (grossly) negligent and willful violations of § 1681c(a) (reporting certain criminal information older than 7 years) ("Count One"); § 1681e (failing to maintain procedures designed to avoid violating § 1681c and to ensure the maximum possible accuracy of the information in the report) ("Count Two"); and § 1681i (failing to conduct a reasonable reinvestigation after an item in the report is disputed by the consumer and the consumer notifies the agency directly of such dispute) ("Count Three").

On July 5, 2012, Defendant removed the lawsuit to the district court. Defendant moved to dismiss, and the district court initially denied Defendant's motion with regard to Count One, dismissed Count Two, and dismissed numerous state law claims. Defendant filed a motion for reconsideration and a motion for summary judgment. The

district court ultimately granted the motion for reconsideration, dismissing both Counts One and Two, and granted summary judgment to Defendant on Count Three.

## B.  The Previous Appeal

Plaintiff appealed, challenging the district court's FCRA holdings (and the dismissal of Plaintiff's state law claims, not at issue now).  On that appeal, we considered whether the 2000 Charge was too old to have been included in the Report under the FCRA.  Section 1681c(a) provides, in relevant parts:

> [N]o consumer reporting agency may make any consumer report containing any of the following items of information:
>
> . . .
>
> (2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
>
> . . .
>
> (5) Any other adverse item of information, other than records of convictions of crimes[,][2] which antedates the report by more than seven years.

---

[2] We previously corrected a scrivener's error in the statute by including "[a] comma . . . to separate the exclusionary clause." *Moran*, 943 F.3d at 1183 n.6.

As we explained in our previous opinion in this case, the statute was reorganized by 1998 amendments.[3]  *Moran*, 943 F.3d at 1182–83.  In 1990, before the amendments, the Federal Trade Commission ("FTC"), the agency responsible for enforcing the FCRA, issued a commentary to provide guidance and interpretations of the FCRA.    FTC, *Commentary on the Fair Credit Reporting Act*, 55 Fed. Reg. 18,804 (May 4, 1990) (former 16 C.F.R. pt. 600) ("1990 Commentary").   The 1990 Commentary stated, "if charges are dismissed at or before trial, or the consumer is acquitted, the date of such dismissal or acquittal is the date of disposition."   *Id.* at 18,818.   That commentary was rescinded in 2011, the year after Defendant issued the Report that included the 2000 Charge.   *See Moran*, 943 F.3d

---

[3] Before Congress's 1998 amendment to the statute, § 1681c(a) read, as relevant:

> [N]o consumer reporting agency may make any consumer report containing any of the following items of information:
>
> . . .
>
> (2) Suits and judgments which, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
>
> . . .
>
> (5) Records of arrest, indictment, or conviction of crime which, from date of disposition, release, or parole, antedate the report by more than seven years.
>
> (6) Any other adverse item of information which antedates the report by more than seven years.

at 1184; *see also* FTC, *Commentary on the Fair Credit Reporting Act*, 76 Fed. Reg. 44,462 (July 26, 2011).

On appeal, the parties "agree[d] that the 2000 Charge is classified as an 'adverse item of information' and thus falls under § 1681c(a)(5)." *Id.* at 1182. The Report was issued on February 5, 2010, meaning that, under the current version of the law, the 2000 Charge was too old to be reported as measured from the date the charge was filed, but recent enough to be reported as measured from the date of disposition. § 1681c(a)(5).

We reversed the district court's dismissal of the FCRA claims, holding that the "Report's inclusion of the 2000 Charge fell outside of the permissible seven-year window, and thus, [Plaintiff] sufficiently stated claims pursuant to the FCRA." *Moran*, 943 F.3d at 1186. The panel majority acknowledged that in its current form § 1681c(a)(5) "does not specifically state the date that triggers the reporting window." *Id.* at 1183. The majority reasoned that, nevertheless, "the plain language of the statute suggests that for a criminal charge, the date of entry begins the seven-year window" because "[t]he statute's use of 'antedates' connects the seven-year window directly to the adverse event itself" and a "charge is an adverse event upon entry." *Id.* at 1183–84.

The majority found "further support" for its interpretation in a 2011 staff report that accompanied the FTC's rescission of the 1990 Commentary, which stated that the seven-year reporting window "runs from the date of the reported event." *Id.* at 1184 (internal quotations and citation omitted). The majority also observed that before the statute was amended, the cutoff date for reporting "[r]ecords of arrest, indictment, or conviction of crime" ran "from date of disposition." *Id.* at 1182 (emphasis removed). But this

language was removed in 1998, and the statute was substantially reorganized. *See id.* at 1182–83. The majority reasoned that the "legislative history" supported its reading of the statutory language since "Congress's removal of 'date of disposition' altogether suggest[ed] an intent to keep records current by starting reporting windows sooner." *Id.* at 1184–85. However, the majority acknowledged that, after the 1998 amendment, "convictions may be reported indefinitely," whereas previously convictions were subject to a seven-year bar. *Id.* Finally, the panel majority found that its reading of the statute was supported by "the purpose of the FCRA," which "warrants an interpretation that favors the consumer." *Id.* at 1186.

The majority rejected Defendant's argument that the dismissal of a charge is itself an adverse event. 943 F.3d at 1184. The majority reasoned that a dismissal is itself "an overall positive—but at least neutral—development," and is "only adverse insofar as it discloses the previous adverse event, i.e., the charge." *Id.* Thus, "[e]ven though non-adverse information is typically not subject to reporting windows, a dismissal is different" because it "necessarily references the existence of the adverse event, to which the reporting window still applies," and therefore "neither [event] may be reported after seven years from the . . . charge." *Id.*

Judge Kleinfeld dissented from the FCRA holding, reasoning that a record of dismissal is an "adverse item of information" under § 1681c(a)(5), and because the dismissal of the 2000 Charge did not antedate the Report by more than seven years, the Report's disclosure of the dismissal was timely. *Id.* at 1187, 1189–90. Judge Kleinfeld also reasoned that the fact that the 1998 amendment to the statute expanded reporting of convictions from a seven-year window to

indefinitely showed that "Congress concluded that . . .
landlords . . . needed to know more about convictions." *Id.*
at 1191–92. Moreover, Judge Kleinfeld reasoned that some
deference was due to "long established commercial norms,"
and observed that the statute "ha[d] been interpreted for
decades to permit" reporting charges that had been dismissed
within seven years of a report. *Id.* at 1193–94 (internal
quotations omitted).

## C. The Decision Below

On remand, Plaintiff filed a motion for summary
judgment on his causes of action under §§ 1681c(a) and
1681e (and some of the state law claims). The district court
informed Plaintiff that it was considering granting summary
judgment for Defendant on certain causes of action pursuant
to Fed R. Civ. P. 56(f), and gave Plaintiff an opportunity to
present additional evidence in response to arguments raised
by Defendants. It then granted summary judgment to
Defendant on all of Plaintiff's FCRA claims and, declining
to exercise supplemental jurisdiction over the remaining
state law claims, remanded the case to California state court.

The district court held that Defendant's violation of
§ 1681c(a) was neither willful nor negligent. The district
court reasoned that this court previously stated that the
statutory interpretation was a matter of first impression, that
none of the information included by Defendant was
inaccurate, and that at the time of the reporting the FTC's
only guidance (admittedly discussing the statute before the
1998 amendment) asserted that the seven-year reporting
period ran from the date of disposition. Moreover, Judge
Kleinfeld's partial dissent, an amicus brief submitted to this
court, and a declaration submitted by Defendant's expert
tended to prove that the statute had been interpreted for
decades to permit the report of a dismissal of charges

occurring within seven years of the report. And Defendant's president testified that he was repeatedly informed in training sessions that criminal cases may be reported for seven years after dismissal.[4] Further, the district court observed that this court "resolved the [statutory interpretation] question in part through reference to FTC guidance and amicus briefs." Finally, the district court observed that it had previously found the statute to be sufficiently ambiguous to reverse its prior ruling on reconsideration.[5]

Plaintiff now appeals the district court's grant of summary judgment to Defendant, contending that Defendant's violation of § 1681c(a) was "likely willful and, at a minimum negligent."[6]

---

[4] The district court acknowledged that statements made to the company's president would be inadmissible hearsay, but stated that it was not offered to prove the truth of the matter asserted but was relevant to whether Defendant was negligent in interpreting the statute as he was advised during the training sessions.

[5] The district court also granted summary judgment on Plaintiff's FCRA claims under § 1681e and § 1681i, and articulated an alternative ground for summary judgment on all of Plaintiff's FCRA claims: that Plaintiff did not suffer any damages due to the alleged FCRA violations.

[6] On appeal, Plaintiff has waived any challenge to the district court's grant of summary judgment to Defendant on Plaintiff's claims under §§ 1681i and 1681e. *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) ("This court 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'"); *In re Riverside-Linden Inv. Co.*, 945 F.2d 320, 324–25 (9th Cir. 1991). Plaintiff's opening brief refers to claims under § 1681i as among the issues on appeal and cites the statute once in defending his argument that he suffered actual damages and again as the basis of distinguishing a case, but does not refer to § 1681i claims in the summary

## II.  STANDARD OF REVIEW

"We review the district court's grant of summary judgment de novo." *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020). "Summary judgment is appropriate when, based on the evidence in the record, no reasonable fact finder could return a verdict" for the party against whom summary judgment is granted. *See id.*; Fed. R. Civ. P. 56. "We may affirm on any basis supported by the record, whether or not relied upon by the district court." *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 686 (9th Cir. 2007).

## III.  ANALYSIS

The FCRA prohibits CRAs from reporting "[a]ny . . . adverse item of information, other than records of convictions of crimes[,] which antedates the report by more than seven years."  § 1681c(a)(5).  The FCRA imposes liability for negligent or willful violations of its terms. §§ 1681n(a), 1681o.  At issue is whether Defendant was negligent or willful in adopting an interpretation of § 1681c(a)(5), which we subsequently held was erroneous, that permitted the reporting of a dismissal of a charge that had been filed more than seven years from the date of the

---

of his argument or advance a specific and distinct argument that Defendant willfully or negligently violated that statute.  Plaintiff's opening brief does not cite § 1681e.  Plaintiff does not argue that Defendant's report was inaccurate.  *Cf.* § 1681e(b).  And, while his opening brief refers to Defendant's compliance procedures, Plaintiff uses that discussion to argue that Defendant's violation of § 1681c(a) was willful, not to challenge the district court's holding as to § 1681e(a).

report, where the dismissal occurred within seven years of the report.[7]

"To prove a negligent violation [of the FCRA], a plaintiff must show that the defendant acted pursuant to an objectively unreasonable interpretation of the statute." *Marino*, 978 F.3d at 673–74 (citing *Syed v. M-I LLC*, 853 F.3d 492, 505 (9th Cir. 2017)). A plaintiff can prove a willful violation by showing a knowing or a reckless violation of a standard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). To prove a willful violation in the absence of knowing disregard, "a plaintiff must show not only that the defendant's interpretation was objectively unreasonable, but also that the defendant ran a risk of violating the statute that was substantially greater than the risk associated with a reading that was merely careless." *Marino*, 978 F.3d at 673 (citing *Safeco*, 551 U.S. at 69). Where a statute "is not subject to a range of plausible interpretations" and its text "unambiguously forecloses" the defendant's interpretation, the defendant runs "an 'unjustifiably high risk of violating the statute'" sufficient for willful liability. *Syed*, 853 F.3d at 505–06.

---

[7] Various headings in Plaintiff's briefing assert that Defendant violated § 1681c(a)(2), as well as § 1681c(a)(5). The district court dismissed Plaintiff's § 1681c(a)(2) claims. *Moran v. Screening Pros, LLC*, No. 2:12-CV-05808-SVW-AGR, 2012 WL 10655745, at *4–5 (C.D. Cal. Nov. 20, 2012). Subsequently, on Plaintiff's previous appeal, Plaintiff "agree[d] that the 2000 Charge is classified as an 'adverse item of information' and thus falls under § 1681c(a)(5)." *Moran*, 943 F.3d at 1182. Plaintiff does not now provide a clear argument that Defendant violated § 1681c(a)(2). We note that the Report makes no reference to any "[c]ivil suits, civil judgments, [or] records of arrest," § 1681c(a)(2). We therefore limit our discussion to § 1681(c)(a)(5), since Plaintiff has waived any argument regarding § 1681c(a)(2). *See Clark*, 523 F.3d at 1116; *In re Riverside-Linden Inv. Co.*, 945 F.2d at 324–25.

Plaintiff argues that Defendant was at least negligent because "this Court found Defendant's interpretation [of § 1681c(a)] to be in direct conflict with the plain language of the statute" and "confirmed that the statutory text is unambiguous that the reporting period began from the date of entry." However, our previous holding does not show that Defendant's interpretation of the statute was objectively unreasonable. To be sure, we stated "the plain language of the statute suggests that for a criminal charge, the date of entry begins the seven-year window." *Moran*, 943 F.3d at 1183–84. But that sentence began with the observation that "§ 1681c(a)(5) does not specifically state the date that triggers the reporting window." *Id.* at 1183. Moreover, the panel majority did not rely on the text of the statute alone to reach its interpretation. The majority remarked that if "language is ambiguous, we look to . . . legislative history, and the statute's overall purpose to illuminate Congress's intent," *id.* at 1183 (internal quotation marks omitted), and then supported its holding with numerous extra-textual sources: "the FTC's interpretation of the statute" in a 2011 staff report, the "FCRA's legislative history," an amicus brief filed by the Consumer Financial Protection Bureau and the FTC, and the panel's assessment of "the purpose of the FCRA." *Id.* at 1184–86. In fact, the only panel member who stated that "there is no ambiguity in the statute" was Judge Kleinfeld in partial dissent, who argued that the majority's interpretation lacked "support in the text of the statute." *Id.* at 1187, 1194.

Plaintiff also argues that because the 1998 amendment removed the phrase "the date of disposition" from what was previously § 1681c(a)(5), "anybody reading the statute should know [that] Congress no longer wished to calculate the reporting period [from the date of disposition] when it intentionally deleted the word 'disposition' from the

statutory language." But although Congress removed "the date of disposition" as the reference date, it did not replace that phrase with another reference date in § 1681c(a)(5), even though a different provision of the statute, § 1681c(a)(2), explicitly measures a reporting window "from the date of entry." And when we held that the seven-year reporting window in § 1681c(a)(5) regarding a dismissal of a charge is measured from the date the criminal charge was filed, not when it was dismissed, the panel was not unanimous.

Finally, Plaintiff argues that "[i]t was reckless for Defendant to rely on [the] outdated 1990 commentary." While the 1990 Commentary necessarily addressed the law as it was written before the 1998 amendment, it was the only guidance from the FTC on this issue in 2010 when Defendant issued the Report, and it indicated that the seven-year reporting period ran from the date of disposition of a criminal charge. That guidance was rescinded only after Defendant issued the disputed report. And Defendant introduced evidence that the statute had "been interpreted for decades to permit" CRAs to report the dismissal of a charge where the dismissal occurred within seven years from the report.[8]

---

[8] In the operative complaint, Plaintiff brought state law claims under California's Investigative Consumer Reporting Agencies Act and California's Unfair Competition Law. In briefing, Plaintiff suggests that Defendant's reporting of dismissed charges violated California's Consumer Credit Reporting Agencies Act ("CCRAA"). These state law allegations are not the subject of this appeal, and we do not reach them. We also reject Plaintiff's argument that Defendant's violation of § 1681c(a) was somehow willful because Defendant had a written policy designed to comply with the CCRAA. Even if Defendant willfully violated the CCRAA, or its own policy designed to comply with

Whether Defendant correctly interpreted § 1681c(a)(5) to permit the reporting of a criminal charge that was filed outside of, but dismissed within, the statute's seven-year window arose as a matter of first impression during this lawsuit.  Defendant introduced evidence that its interpretation was consistent with industry norms.  The FTC's only guidance on the question at the time (although discussing the statute before the 1998 amendment) appeared to permit reporting the charge.  The district court initially held that Defendant misread § 1681c(a)(5), but then reversed that holding on reconsideration.  On appeal, the panel majority held that the district court got it right the first time, but one of our colleagues dissented, finding that the majority's view lacked "support in the text of the statute," *Moran*, 943 F.3d at 1187 (Kleinfeld, J., concurring in part and dissenting in part).  We cannot say, nor could any other reasonable fact finder, that on this record Defendant's violation of § 1681c(a)(5) was negligent, much less willful.

## IV.  CONCLUSION

For the reasons stated above, the district court's grant of summary judgment to Defendant on Plaintiff's claims under the FCRA is **AFFIRMED.**

---

California law, it does not follow that Defendant's violation of the FTCA was willful.  Here, Defendant has shown that its conduct resulted from an erroneous but reasonable misreading of the language of the FTCA.