NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY WHEELER, | No. 21-55585 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-11710-DOC-RAO |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 7, 2022
Phoenix, Arizona

Before: HAWKINS, PAEZ, and WATFORD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Timothy Wheeler appeals the dismissal of his claims under the Fair Credit Reporting Act ("FCRA"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1.      Wheeler is not collaterally estopped from asserting that Experian's post-bankruptcy credit reporting procedures violate 15 U.S.C. § 1681e(b) based on the settlement order in *White v. Experian Info. Sols.*, No. CV 05-1070-DOC (MLGx), 2008 WL 11518799 (C.D. Cal. Aug. 19, 2008) ("the *White* Order").[1] *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018) (noting that the availability of collateral estoppel is reviewed de novo). Wheeler was not a party in *White*, nor a member of the class. None of the other exceptions to nonparty issue preclusion apply. *See Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008).

Nor is Wheeler bound by the *White* Order's proclamation that the procedures it outlines "conclusively" comply with the FCRA in the post-bankruptcy credit reporting context and that all consumers are barred from asserting otherwise. Particularly because "[t]he reasonableness of the procedures and whether the agency followed them [are] jury questions in the overwhelming majority of cases," Wheeler is entitled to discovery into Experian's actual procedures before they can be assessed as "reasonable . . . to assure maximum possible accuracy" in compliance with § 1681e(b). *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332–33

---

[1] On appeal, Experian no longer defends the application of collateral estoppel.

(9th Cir. 1995) (citation omitted). Reasonableness is not a static issue, and procedures that met the high bar of § 1681e(b) fourteen years ago may no longer do so today.

2.      Wheeler has stated a claim for a violation of § 1681e(b) by alleging facts "tending to show that [Experian] prepared a report containing inaccurate information." *See Guimond*, 45 F.3d at 1333 (citation omitted). The complaint plausibly alleges that Experian was aware of Wheeler's bankruptcy discharge, that the account at issue was discharged, and that Experian inaccurately reported the discharged account on the report it prepared. Wheeler also plausibly alleges that Experian should have known that the account was discharged because the account had not been updated in the twenty months since Wheeler filed for bankruptcy.

Experian's argument that its October 2020 report was accurate because the account information was dated February 2019 is unavailing. Even if the information was accurate as of February 2019, continuing to report the account as open after it was discharged in bankruptcy was "misleading in such a way and to such an extent that it could be expected to adversely affect credit decisions." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 757 (9th Cir. 2018) (cleaned up).

Our recent decision in *Moran v. Screening Pros, LLC*, 25 F.4th 722 (9th Cir. 2022), does not prevent Wheeler from proceeding past the pleading stage. In that case, we held that the defendant consumer reporting agency could not be liable for

its violation of the FCRA because its interpretation of § 1681c(a), while incorrect, was not "objectively unreasonable." *Moran*, 25 F.4th at 729; *see id.* at 728 (noting that "[t]he FCRA imposes liability for negligent or willful violations of its terms.") (citations omitted). By contrast with the seven-year reporting window at issue in *Moran*, here Wheeler alleges a violation of the fact-intensive "reasonableness" standard. *See id.* It is too soon to decide as a matter of law that Experian's interpretation of its obligations under § 1681e(b) was not objectively unreasonable. Further, assuming *White*'s procedures remain not objectively unreasonable, Experian's compliance with *White* is inappropriate for resolution at this early stage.

Wheeler's requests for judicial notice [Docket Entry Nos. 14, 31] are **DENIED.**

**REVERSED AND REMANDED.** Each party shall bear its own costs on appeal.