NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOANNA HERNANDEZ, | No.   21-55588 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-09908-DOC-RAO |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 7, 2022
Phoenix, Arizona

Before:  HAWKINS, PAEZ, and WATFORD, Circuit Judges.

Loanna Hernandez appeals the dismissal of her claims under the Fair Credit Reporting Act ("FCRA").  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1.      Hernandez is not collaterally estopped from asserting that Experian's post-bankruptcy credit reporting procedures violate 15 U.S.C. § 1681e(b) based on

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the settlement order in *White v. Experian Info. Sols.*, No. 05-cv-1073-DOC (MLGx), 2008 WL 11518799 (C.D. Cal. Aug. 19, 2008) ("the *White* Order").[1] *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018) (noting that the availability of collateral estoppel is reviewed de novo). Hernandez was not a party in *White*, nor a member of the class. None of the other exceptions to nonparty issue preclusion apply. *See Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008).

Nor is Hernandez bound by the *White* Order's proclamation that the procedures it outlines "conclusively" comply with the FCRA in the post-bankruptcy credit reporting context and that all consumers are barred from asserting otherwise. Particularly because "[t]he reasonableness of the procedures and whether the agency followed them [are] jury questions in the overwhelming majority of cases," Hernandez is entitled to discovery into Experian's actual procedures before they can be assessed as "reasonable . . . to assure maximum possible accuracy" in compliance with § 1681e(b). *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citation omitted). Reasonableness is not a static issue, and procedures that met the high bar of § 1681e(b) fourteen years ago may no longer do so today.

2.      Hernandez has stated a claim for a violation of § 1681e(b) by alleging facts "tending to show that [Experian] prepared a report containing inaccurate

---

[1] On appeal, Experian no longer defends the application of collateral estoppel.

2

information." *See Guimond*, 45 F.3d at 1332–33 (citation omitted). The first amended complaint plausibly alleges that Experian was aware of Hernandez's bankruptcy discharge, that the account at issue was discharged, and that Experian inaccurately reported the discharged account on the report it prepared. Hernandez also alleged that Experian initially removed the account at issue and then reinserted it onto her credit report seven years after she filed for bankruptcy, plausibly suggesting that Experian should have known the account was discharged.[2]

Our recent decision in *Moran v. Screening Pros, LLC*, 25 F.4th 722 (9th Cir. 2022), does not prevent Hernandez from proceeding past the pleading stage. In that case, we held that the defendant consumer reporting agency could not be liable for its violation of the FCRA because its interpretation of § 1681c(a), while incorrect, was not "objectively unreasonable." *Moran*, 25 F.4th at 729; *see id.* at 728 (noting that "[t]he FCRA imposes liability for negligent or willful violations of its terms." (citations omitted)). By contrast with the seven-year reporting window at issue in *Moran*, here Hernandez alleges a violation of the fact-intensive "reasonableness" standard. *See id.* It is too soon to decide as a matter of law that Experian's interpretation of its obligations under § 1681e(b) was not objectively unreasonable.

---

[2] Experian argues that because Hernandez's claim is based on the reinsertion of an obsolete tradeline with inaccurate information on her credit report, it is foreclosed by the plain text of the FCRA. This misunderstands the statutory basis of Hernandez's claim, which arises under 15 U.S.C. § 1681e(b).

Further, assuming *White*'s procedures remain not objectively unreasonable, Experian's compliance with *White* is inappropriate for resolution at this early stage.[3]

Hernandez's requests for judicial notice [Docket Entry Nos. 13, 30] are **DENIED.**

**REVERSED AND REMANDED.** Each party shall bear its own costs on appeal.

---

[3] Experian's compliance is not obvious, as evidenced by Hernandez's allegations that neither TransUnion nor Equifax made the same reporting errors even though they were equally bound by *White*'s terms.