NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY SUNSERI,

Plaintiff-Appellant,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellee,

and

EQUIFAX INFORMATION SERVICES, INC.,

Defendant,

CREDIT MANAGEMENT, L.P.,

Defendant.

No.   21-55583

D.C. No.
2:20-cv-08932-DOC-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 7, 2022
Phoenix, Arizona

Before:  HAWKINS, PAEZ, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Anthony Sunseri appeals the dismissal of his claims under the Fair Credit Reporting Act ("FCRA") and its California equivalent. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1. Sunseri is not collaterally estopped from asserting that Experian's post-bankruptcy credit reporting procedures violate 15 U.S.C. § 1681e(b) based on the settlement order in *White v. Experian Info. Sols.*, No. CV 05-1070-DOC (MLGx), 2008 WL 11518799 (C.D. Cal. Aug. 19, 2008) ("the *White* Order").[1] *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018) (noting that the availability of collateral estoppel is reviewed de novo). Sunseri was not a party in *White*, nor a member of the class. None of the other exceptions to nonparty issue preclusion apply. *See Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008).

Nor is Sunseri bound by the *White* Order's proclamation that the procedures it outlines "conclusively" comply with the FCRA in the post-bankruptcy credit reporting context and that all consumers are barred from asserting otherwise. Particularly because "[t]he reasonableness of the procedures and whether the agency followed them [are] jury questions in the overwhelming majority of cases," Sunseri is entitled to discovery into Experian's actual procedures before they can be assessed as "reasonable . . . to assure maximum possible accuracy" in compliance with § 1681e(b). *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th

---

[1] On appeal, Experian no longer defends the application of collateral estoppel.

2

Cir. 1995) (citation omitted). Reasonableness is not a static issue, and procedures that met the high bar of § 1681e(b) fourteen years ago may not today.

2. Sunseri has stated a claim for a violation of § 1681e(b) by alleging facts "tending to show that [Experian] prepared a report containing inaccurate information." *See Guimond*, 45 F.3d at 1332–33 (citation omitted). The first amended complaint plausibly alleges that Experian was aware of Sunseri's bankruptcy discharge, that the account at issue was discharged, and that Experian inaccurately reported the discharged account on the report it prepared. Sunseri also plausibly alleged that Experian should have known the collection account pre-dated his December 2018 bankruptcy filing. Experian reported that the account would continue on record until October 2025, indicating that it first became delinquent in October 2018. *See* 15 U.S.C. § 1681c(a)(4).

Our recent decision in *Moran v. Screening Pros, LLC*, 25 F.4th 722 (9th Cir. 2022), does not prevent Sunseri from proceeding past the pleading stage. In that case, we held that the defendant consumer reporting agency could not be liable for its violation of the FCRA because its interpretation of § 1681c(a), while incorrect, was not "objectively unreasonable." *Moran*, 25 F.4th at 729; *id*. at 728 (noting that "[t]he FCRA imposes liability for negligent or willful violations of its terms.") (citations omitted). By contrast with the seven-year reporting window at issue in *Moran*, here Sunseri alleges a violation of the fact-intensive "reasonableness"

3

standard. *See id.* It is too soon to decide as a matter of law that Experian's interpretation of its obligations under § 1681e(b) was not objectively unreasonable. Further, assuming *White*'s procedures remain not objectively unreasonable, Experian's compliance with *White* is inappropriate for resolution at this early stage.[2]

The parties' requests for judicial notice [Docket Entry Nos. 17, 28] are **DENIED.**

**REVERSED AND REMANDED.** Each party shall bear its own costs on appeal.

---

[2] Experian's compliance is not obvious, as evidenced by Sunseri's allegations that neither TransUnion nor Equifax made the same reporting errors even though they were equally bound by *White*'s terms.