**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIO ALEJANDRO LOPEZ,

             Petitioner-Appellant,

  v.

BRIAN WILLIAMS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEVADA,

             Respondents-Appellees.

No. 23-15469

D.C. No.
2:19-cv-01308-APG-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted April 3, 2024
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Petitioner-Appellant Mario Lopez appeals the denial in part and dismissal in

part of his federal habeas petition. He raises two certified claims and one uncertified

claim. We have jurisdiction to review the certified claims under 28 U.S.C. §§ 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

2253, and we do so under the highly deferential standard for claims adjudicated on the merits by a state court, *see id.* § 2254(d); *Waidla v. Davis*, 68 F.4th 575, 597 (9th Cir. 2023) (per curiam). We affirm the denial of his certified claims. We may review his uncertified claim only if we grant a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A). We therefore construe his briefing of the uncertified issue as an application for a COA, which we deny. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (describing the COA standard).

1. The Nevada Supreme Court's decision neither contradicted nor unreasonably applied *Darden v. Wainwright*, 477 U.S. 168 (1986). *See Parker v. Matthews*, 567 U.S. 37, 45, 48 (2012) ("[T]he *Darden* standard is a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" (second alteration in original) (citation omitted)). The court applied the most relevant *Darden* factors, including the context in which the statements were given and whether the jury was properly instructed on the law. *See Hein v. Sullivan*, 601 F.3d 897, 912–13 (9th Cir. 2010). The challenged statements were also made before the defense attorney's closing, so defense counsel had the opportunity to correct any misstatement of law. *See id.* at 913. And because Lopez did not object to the prosecutor's statements at trial, the Nevada Supreme Court was required to review only for plain error; we discern no deficiency in its application of

2

the plain-error doctrine. Finally, the jury was properly instructed that the prosecution bore the burden of proof beyond a reasonable doubt on all elements, including intent, and the prosecutor's statements, when placed in context, did not undermine the allocation of the burden of proof.

2.  The Nevada Supreme Court's decision does not contradict or unreasonably apply clearly established federal law pertaining to the cumulative-error doctrine. First, no clearly established federal law requires a court to consider unpreserved issues that are not plain when conducting cumulative-error review, whether under *Darden* or any more general cumulative-error case. *See Clark v. Chappell*, 936 F.3d 944, 993 (9th Cir. 2019) (per curiam) ("In reviewing for cumulative error, the court must review all errors preserved for appeal and all plain errors." (citation omitted)). Only a single preserved issue was error, and the Nevada Supreme Court appropriately concluded that the unpreserved issues were not plain error, so there were no "cumulative" errors it needed to consider. Second, it was reasonable for the Nevada Supreme Court to conclude that the combined effect of all the errors identified by Lopez was modest given the considerable evidence of guilt. That was consistent with both *Darden* and general cumulative-error doctrine, and we perceive no basis in the record for disturbing the court's factual judgment. *See Rodriguez v. McDonald*, 872 F.3d 908, 919 (9th Cir. 2017) (describing the highly

3

deferential standard we employ when reviewing state-court factual determinations in federal habeas).

3. We deny Lopez's application for a COA on his uncertified claim. The claim turns on whether the failure of a lawyer to appeal an issue adjudicated by the state trial court constitutes ineffectiveness of trial counsel for purposes of the *Martinez* exception. *See Martinez v. Ryan*, 566 U.S. 1, 17 (2012). Lopez's argument is nearly identical to the one raised in, and rejected by, *Davila v. Davis*, 582 U.S. 521 (2017), which held that the *Martinez* exception does not extend to underlying claims of ineffectiveness of appellate counsel, *id.* at 529. The failure to appeal a particular issue is an appellate, not a trial, decision, and therefore, not within the scope of the *Martinez* exception. Moreover, *Martinez* was animated by the concern that a claim of trial error might escape the review of any state or federal court. But here, the *Brady* claim was adjudicated on the merits by the state trial court; this case, therefore, "does not present the same concern that animated the *Martinez* exception because at least 'one court' will have considered the claims on the merits." *Id.* at 532 (quoting *Martinez*, 566 U.S. at 11).

We also reject Lopez's argument in the alternative that he can overcome the procedural default of his *Brady* claim due to a supposed conflict of interest based on the fact that "the attorney who failed to file the notice of appeal . . . was also the

4

post-conviction attorney whose role it was to raise a claim of ineffective assistance of counsel for failing to file the notice of appeal." To prevail on this argument, Lopez would need to demonstrate that Nevada state courts do not recognize conflicts of interest as a basis for excusing procedural default while simultaneously establishing that federal courts do recognize such a basis. But Lopez failed to argue such a distinction before the district court, so we decline to consider his new argument on appeal. *See Thompson v. Runnels*, 705 F.3d 1089, 1099 (9th Cir. 2013) ("[W]e generally take care to avoid the unfairness inherent in deciding cases on bases not raised or passed upon in the tribunal below."); *cf. Moran v. Screening Pros, LLC*, 25 F.4th 722, 728 (9th Cir. 2022) ("We may affirm on any basis supported by the record . . . ." (citation omitted)).

**AFFIRMED.**