NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERNARD J. PATTERSON; JOSHUA P. ADAMS; LINDA G. JORDAN, Individually and On Behalf of All Others Similarly Situated,

   Plaintiffs - Appellants,

 v.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.,

   Defendants - Appellees.

No. 24-7439

D.C. No. 3:23-cv-03858-TLT

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted April 20, 2026
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges;
Partial Concurrence and Partial Dissent by Judge Forrest.

Plaintiffs Bernard Patterson, Joshua Adams, and Linda Jordan, on behalf of

a class of similarly situated individuals, appeal the district court's order granting

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Wells Fargo's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's decision de novo.  *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017).  We affirm in part, reverse in part, and remand.

1.  Plaintiffs adequately alleged that Wells Fargo violated the Fair Credit Reporting Act (FCRA) by obtaining Plaintiffs' credit reports without a permissible purpose.  *See* 15 U.S.C. § 1681b(f).[2]  To allege a violation of § 1681b(f), a plaintiff must allege facts giving rise to a plausible inference that the defendant obtained the plaintiff's credit report without a permissible purpose.  *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 495–96 (9th Cir. 2019).  The defendant bears "the burden of pleading it had an authorized purpose."  *Id.* at 495.

Here, Plaintiffs alleged that they had no existing business relationship with Wells Fargo, that they did not apply for Wells Fargo bank accounts, and that Wells Fargo opened bank accounts in their names.  Plaintiffs further alleged that before opening these accounts, Wells Fargo received Plaintiffs' true and correct personal

---

[1] Because the parties are familiar with the facts, we do not recount them here.

[2] Plaintiffs raise claims pursuant to both FCRA and the California Consumer Credit Reporting Agencies Act (CCRAA).  The parties agree that Plaintiffs' arguments concerning FCRA apply with equal force to the CCRAA, a statute that is "substantially based on [FCRA]."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (citation modified).  *Compare* 15 U.S.C. § 1681b(f), *with* Cal. Civ. Code § 1785.19(a)(1)–(2).

identification information (PII) from an identity verification service, and that for some of Plaintiffs, this PII contradicted the PII Wells Fargo associated with the unauthorized accounts.[3] After opening the bank accounts in Plaintiffs' names, Wells Fargo obtained each of Plaintiffs' credit reports. Plaintiffs' allegations— accepted as true and construed in the light most favorable to Plaintiffs, *Eichenberger*, 876 F.3d at 981—give rise "to a reasonable inference that [Wells Fargo] obtained [their] credit report[s] for a purpose not authorized by statute." *Nayab*, 942 F.3d at 499. The allegations "rule out many of the potential authorized purposes for obtaining a credit report," and "together with [Plaintiffs'] allegation that [Wells Fargo], in fact, obtained [their] report[s], state a plausible claim for relief." *Id.* at 496–97.

2. Plaintiffs' allegations support an inference that Wells Fargo's violation of FCRA was willful. *See* 15 U.S.C. § 1681n(a). To allege a willful violation of the "knowing" variety, a plaintiff must allege that a defendant "knowing[ly] disregard[ed]" its FCRA obligations. *See Moran v. Screening Pros, LLC*, 25 F.4th 722, 728–29 (9th Cir. 2022).[4] Here, the operative complaint supports the inference

---

[3] The operative complaint alleges that Wells Fargo received true and correct PII for each plaintiff and that this PII contradicted the PII associated with the Patterson and Adams accounts. But the operative complaint does not explain what PII Wells Fargo associated with the account opened in Jordan's name.

[4] Plaintiffs expressly disclaim any reliance on the "reckless" variety of willful violations. *Moran*, 25 F.4th at 728.

that Wells Fargo willfully violated FCRA by obtaining Plaintiffs' credit reports despite knowing that it had no colorable basis for doing so.

Wells Fargo insists, and the district court purported to find, that its actions demonstrate it reasonably believed that Plaintiffs were its existing customers. But even if the operative complaint compelled this inference, that alone would not establish a permissible purpose. The statutory provision Wells Fargo relies upon, § 1681b(a)(3)(F)(i), permits access to a credit report where a user has a legitimate business need "in connection with a business transaction that is *initiated by the consumer*." *Id.* (emphasis added). Similarly, the provision identified by the district court, § 1681b(a)(3)(A), "can be relied upon by the party requesting a credit report *only if the consumer initiates the transaction*." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010) (emphasis added) (citation modified). The operative complaint does not suggest that Plaintiffs initiated any transaction with Wells Fargo, even if Wells Fargo believed they were its legitimate customers.

Moreover, as to plaintiffs Patterson and Adams, the operative complaint alleges that Wells Fargo knew or had reason to know that they did not apply for the accounts Wells Fargo opened in their names. According to the complaint, the correct PII Wells Fargo received from an identity verification service contradicted the PII associated with the accounts. The complaint explains that despite knowing

that Patterson and Adams may not have opened the accounts, Wells Fargo went on to obtain their credit reports in knowing disregard of FCRA.

3. Plaintiffs fail to adequately allege that Wells Fargo negligently violated FCRA because their allegations of actual damages are too conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff who shows that a defendant "is negligent in failing to comply" with FCRA may recover only actual damages. *See* 15 U.S.C. § 1681o(a). Here, the operative complaint asserts that Plaintiffs suffered "reputational damage, distress and embarrassment, and concern that improper inquiry and/or inaccurate reporting could recur." It also avers that Plaintiffs "experienced great stress, personal inconvenience, and expenses as a consequence of Defendants' actions." But Plaintiffs fail to allege any facts supporting these conclusory allegations and do not explain how Wells Fargo caused these damages by obtaining their credit reports. *See Iqbal*, 556 U.S. at 678.

Plaintiffs contend that because they have adequately pleaded an injury for purposes of standing, they have necessarily alleged actual damages. Although we have recognized that a violation of § 1681b(f)(1) may establish injury-in-fact for standing purposes, *Nayab*, 942 F.3d at 490–93, showing such an injury does not obviate the need to allege actual damages as an element of the cause of action. *See* 15 U.S.C. § 1681o(a).

24-7439

**AFFIRMED in part, REVERSED in part, and REMANDED.**[5]

---

[5] Each side shall bear its own costs.

FILED

MAY 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Patterson, et al. v. Wells Fargo & Co., et al.*, No. 24-7439
FORREST, Circuit Judge, concurring in part and dissenting in part:

I disagree with the majority's conclusion that the district court erred in dismissing Plaintiff's claim that Wells Fargo willfully violated the Fair Credit Reporting Act because Plaintiff's allegations do not "tend to exclude the possibility" that Wells Fargo's challenged conduct was unintentional. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citation modified); *see* 15 U.S.C. § 1681n(a).

1